Mary Searles, Respondent, v. William H. Craig and Edward Van Wormer, Appellants.— Judgment and order affirmed, with costs.   All concurred.

Schuyler R. Ingham, Appellant, v. Herkimer County Light and Power Company, Respondent.— Order modified so as to provide that the actual expenses incurred by the attorney for plaintiff in attending the examination before the commissioner of the witness produced on behalf of the defendant are to be paid by the defendant, and also an allowance of $150 as counsel fee; said expenses and allowance to be taxed before a justice of the Supreme Court on three days' notice, payment thereof to be made within ten days after said taxation; and as so modified the order is affirmed, without costs of this appeal to either party. All concurred.

County of Erie, Respondent, v. George Baltz and Others, Appellants.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs.

In the Matter of the Application of Walter B. Ellis (Respondent) to Compel the Buffalo, Lockport and Rochester Railway Company (Appellant) to Erect a Farm Crossing, etc.— Order of reversal previously entered herein amended by inserting therein the words, "upon both the law and the facts."

The People of the State of New York, Respondent, v. Francesco Fiori, Appellant.— Motion to amend order of reversal previously entered herein denied.

In the Matter of Proceedings to Punish Joseph A. Donovan for Contempt of Court, etc., in an Action Entitled John Friedman and Another v. John Ender and Others.— Motion denied.

Agnes Hoffman, Appellant, v. White Sewing Machine Company, Respondent. — Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs.

Agnes Hoffman, Respondent, v. John McCarthy and Others, Appellants.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs.

In the Matter of the Application of Albert A. Fenyvessy (Respondent) for the Removal of J. H. Rebstock Company (Appellant) from Certain Premises in the City of Buffalo.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs.

Thomas M. Galvin, by Guardian, etc., Appellant, v. Coxe Brothers & Co., Respondent.   D. Bradley Sweet, Appellant, v. Fannie O. Sweet, Individually, etc., Respondent.   Elizabeth Sink, as Administratrix, etc., Appellant, v. New York Central and Hudson River Railroad Company, Respondent.   Wilhelmina Kurt, as Administratrix, etc., Respondent, v. Lake Shore and Michigan Southern Railroad Company, Appellant.   Rita Lidsky, as Administratrix, etc., Respondent, v. New York Central and Hudson River Railroad Company, Appellant. The Cataract Power and Conduit Company, Plaintiff, $v_e$ City of Buffalo, Defendant.   Mary D. Rising, Appellant, v. James O. Sebring and Others, Respondents. Jacob Dilcher, Respondent, v. Michael Nellany, Appellant.   Elva A. Turner, Appellant, v. M. W. Burge and Another, Respondents.   Samuel Nease, Appellant, v. New York Central and Hudson River Railroad Company, Respondent. Harriet E. Winans, Appellant, v. Rochester Railway Company, Respondent. Rose C. Seager, as Administratrix, etc., Appellant, v. The Solvay-Process Com-

pany, Respondent.   Charles E. Morse, Respondent, v. Charles E. Swanson and Others, Appellants.   John Lux, Appellant,. v. Theophil Senger, Respondent. Elizabeth J. Campbell, Appellant, v. Louis Black, Respondent.   Michael Conroy, Respondent, v. Cleveland, Cincinnati and St. Louis Railway Company, Appellant.— The foregoing cases having been called and twice passed, the said appeals are in each case dismissed under rule 39 of the General Rules of Practice.

Anna Arnold, an Infant, by Stephen E. Giersch, Her Guardian ad Litem, Appellant, v. National Starch Company, ·Respondent.— Judgment and order affirmed, with costs, on authority of decision in same case, reported at 121 Appellate Division, 889.   All concurred, except Spring and Kruse, JJ., who dissented upon the grounds stated in the dissenting opinion of Kruse, J., upon the former appeal.

---

## SECOND DEPARTMENT, MARCH, 1908.

In the Matter of Acquiring Title by the CITY OF NEW YORK, Respondent, to Certain Lands and Premises Situated in the Counties of Kings and Queens, in the State of New York, Beginning at Hemlock Street at Its Intersection with the South Line of the Conduit Property of the City of New York, etc., for the Purpose of Maintaining, Preserving and Increasing the Supply of Pure and Wholesome Water for the Use of the City of New York, According to Law.

DELIA C. WINSLOW and Others, Appellants.

*Eminent domain — city of New York — discretion of court in granting motion to include other property confirmed.*

Appeal from an order of the Supreme Court, made at the Special ·Term and entered in the Queens county clerk's office on the 31st day of May, 1907, amending the proceedings for the condemnation of lands needed for the water supply of New York city.

WOODWARD, J. :   This is a condemnation proceeding.   It had proceeded to a point where the trial had closed, the case had been summed up and counsel had submitted briefs, when a motion was made to include a strip of land lying in the county of Nassau, such motion being made under the provisions of section 506 of the Greater New York charter.*   This section provides that the Supreme Court of the judicial district in which the real estate is located shall have the power "at any time to amend any defect or informality in any of the special proceedings authorized by this act as may be necessary, or to cause other property to be included therein, and to direct such further notices to be given to any party in interest, as it deems proper," etc.   Upon the original application this motion was granted, the court overruling objections urged by the defendants.   Subsequently on an order to show cause the court permitted a reargument, and denied the motion, on the ground that the proceeding being for the condemnation of a continuation of the strip originally taken, it should be shown that the maps required in an original proceeding had been approved by the proper authorities in due form.   The City of New York then secured a second reargument, upon

---

* Laws of 1901, chap. 466.— [REP.